[Civ. No. 6432.   First Appellate District, Division Two.—October 8, 1929.]

EL DORADO OIL WORKS (a Corporation), Appellant, v. OAKLAND ELEVATOR & MILLS COMPANY (a Corporation), Respondent.

W. F. Williamson, Roscoe E. Jordan and W. R. Wallace, Jr., for Appellant.

Clark, Nichols & Eltse for Respondent.

NOURSE, J.—Plaintiff sued to recover storage charges paid to defendant under protest. Defendant had judgment, from which plaintiff has appealed upon typewritten transcripts.

Plaintiff stored with defendant a large quantity of copra under a written contract in which defendant agreed to weigh and store the copra in its elevators and to make "prompt and efficient deliveries" when called for. The plan of storing copra in elevators such as those used by defendant was an experiment and known to be such by both parties. When demand was made for deliveries the defendant found that the copra had caked in the bins in such a way that it was impossible to remove it from the bins as rapidly as plaintiff demanded. Upon evidence which was

uncontroverted the trial court found that "all said copra was so delivered within such time as it was possible to make delivery thereof in the rendition of prompt and efficient service."

It is conceded that the storage charges which are the basis of this action were estimated in full accord with the terms of the contract. The controversy is this: The plaintiff contends that the defendant should have made more prompt deliveries of the copra and thus shortened the period of storage; that this the defendant was required to do by its agreement to render "prompt and efficient service." █ The question of what is prompt and efficient service, like the question of due diligence, is one which must be determined from all the circumstances of each particular case, except in cases where but one reasonable inference can be drawn from the undisputed facts. (6 C. J. 1163.) █ Where, as here, the evidence on this issue is conflicting the finding of the trial court should not be disturbed.

The judgment is affirmed.

Koford, P. J., and Sturtevant, J., concurred.